UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEREK FABACHER                                                  CIVIL ACTION

VERSUS

JASON KENT, ET AL.                                    NO.: 19-00358-BAJ-EWD

### RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 9)** filed by Defendants Warden Jason Kent and the State of Louisiana. Plaintiff did not file an opposition. For the reasons stated herein, Defendants' Motion is **GRANTED**.

I.     BACKGROUND

This matter arises from an action under 42 U.S.C. §1983 for personal injuries sustained by Plaintiff while incarcerated at the Dixon Correctional Institute ("DCI") in East Feliciana Parish. Plaintiff alleges he was diagnosed with a seizure disorder and prescribed medication to control and limit his seizures. (Doc. 1 at p. 2). Plaintiff alleges that the correctional facility took several seizure precautions, such as issuing Plaintiff to "Bottom Bunk Duty Status." (Id.). Plaintiff further alleges that the "John Does" removed him from the bottom bunk of his dorm, placed him in another cell, and forced him to occupy the top bunk of the cell.[1]

---

[1] In his Complaint, Plaintiff describes "John Does" as five employees of DCI who are currently unknown but, "on information and belief are persons of full age of majority who are domiciled within the jurisdictional limits of the Court." (Doc. 1 at p. 1). Plaintiff never amended his Complaint to include the names of these employees.

1

Plaintiff alleges that for several days he was denied his prescribed anti-seizure medication by the "John Does", who were acting under the authority of the State of Louisiana via the Department of Public Safety and Corrections, and at the direction of Defendant Kent. On June 5, 2018, Plaintiff alleges that he fell out of the top bunk of his cell and sustained personal injuries. Plaintiff claims that this incident is a direct and proximate result of Defendants' denying Plaintiff his medication. (Doc. 1 at p. 3). Plaintiff does not allege the specific injuries sustained from his fall.

Plaintiff ultimately claims that Defendants violated his rights by failing to provide his anti-seizure medication and failing to maintain Plaintiff's bottom bunk duty status. Defendants filed the instant motion alleging that Plaintiff failed to fully exhaust all administrative remedies in accordance with 42 U.S.C. § 1997e(a). Defendants assert that a failure to exhaust must result in the dismissal of Plaintiff's claims. Plaintiff did not file an opposition to Defendants' Motion.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must

set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

Defendants argue that 42 U.S.C. § 1997a(e) requires a plaintiff to exhaust all available administrative remedies regarding all claims against all named defendants

3

prior to filing a suit under § 1983. Section 1997e(a) states, "no action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Louisiana provides a two-step administrative remedy procedure for inmates, which is required prior to the filing of a lawsuit in district court. *Plaisance v. Cain*, 374 Fed.Appx. 560, 561 (5th Cir. 2010). "Exhaustion can only occur when a second step response on the merits has been issued." 22 La. Admin. Code Pt I, 325(F)(3)(a)(viii). Defendants assert that there is no record at DCI of Plaintiff submitting an Administrative Remedy Procedure request relating to the June 5, 2018 incident. Defendants note that the only Administrative Remedy Procedure request on file by Plaintiff, ARP 83, is not related to the June 5, 2018 incident.[2] Defendants further argue that in the event the Court construes ARP 83 as related to the claims of this matter, ARP 83 has not been fully exhausted. ARP 83 was filed by Plaintiff on February 25, 2019, and was denied in the first step on March 18, 2019. Since then, Plaintiff has failed to proceed to the second step.[3]

---

[2] ARP 83 contains Plaintiff's allegations that DCI's medical department refused to allow him to go to work release. See Doc. 9, Exhibit 1 at p. 10.

[3] The first step response for ARP 83 reflects that soon after Plaintiff filed this request, DCI's medical department issued the approval. DCI denied ARP 83 for this reason. Plaintiff likely did not proceed

4

The Court finds no genuine issue of material fact as to Plaintiff's failure to exhaust administrative remedy procedures. The Court finds that ARP 83 is not relevant to this matter, and Plaintiff has failed to file an Administrative Remedy Procedure request regarding the June 5, 2018 incident. "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint...Prefiling exhaustion is mandatory and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785,788 (5th Cir. 2012). Thus, Defendants are entitled to judgment as a matter of law, and Plaintiff's claims must be dismissed against all Defendants.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion is **GRANTED**. All of Plaintiff's claims against all Defendants are dismissed.

Baton Rouge, Louisiana, this **19th** day of February, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

to the second step because it was unnecessary due to the medical department's approval. See Doc. 9, Exhibit 1 at p. 9.